IN THE UNITED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TERRI WATSON, ) | 2007 JUL 12 P 2: 54 |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:07-CV-639-WKW |
| v. ) | |
| ) | |
| NUVELL FINANCIAL SERVICES, LLC., ) | |
| and NUVELL NATIONAL AUTO ) | |
| FINANCE L.L.C. d/b/a NATIONAL AUTO ) | |
| FINANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

COME NOW the defendants, Nuvell Financial Services, LLC. and Nuvell National Auto Finance L.L.C. d/b/a National Auto Finance and file this their Notice of Removal of this case from the Circuit Court of Covington County, Alabama, CV 2007-900020, wherein it is now pending, to the United States District Court for the Middle District of Alabama, Northern Division pursuant to 28 U.S.C. §§ 1332 and 1441 (a), and in support thereof, show unto the Court as follows:

1.  On or about May 31, 2007, the plaintiff, Terri Watson (hereinafter "plaintiff"), filed a Summons and Complaint in the Circuit Court of Covington County, Alabama styled *Terri Watson v. Nuvell Financial Services, LLC, a foreign limited liability company; and National Auto Finance Company, a foreign corporation; and fictious defendants A-Z, those persons, firms or corporations who are unknown at this time but who will be added by amendment when ascertained,* CV 2007-900020. In her complaint, the plaintiff claims she was the victim of identity theft by her ex-husband which resulted in Nuvell Financial Services, L.L.C.'s bringing suit against her to collect a debt. Plaintiff claims this litigation was settled by the Plaintiff and the Defendants on or about July 21, 2005. Plaintiff claims the lawsuit with Nuvell Financial Services, L.L.C. resulted in a settlement agreement that Nuvell dismiss plaintiff and not pursue

any further legal action against her and that all negative references to the debt would be removed from her credit report. Plaintiff claims the defendants have failed to remove negative references from her credit report.

2. The plaintiff makes allegations of breach of contract, negligence, wantonness and defamation against both defendants. The plaintiff seeks damages in an amount not to exceed $75,000.00 exclusive of interest and cost under each count contained in her complaint. The Complaint contains 4 counts. In her Complaint Plaintiff seeks compensatory and punitive damages. In count I plaintiff asserts that defendants breached a contract with plaintiff when defendants failed to remove negative credit references as agreed.

3. In count II the plaintiff seeks compensatory damages, including but not limited to mental anguish, for negligence asserting that defendants breached a duty to handle plaintiff's financial matters with care when defendants continued to collect a debt after reaching an agreement with plaintiff and failed to remove negative credit references from plaintiff's credit report as agreed.

4. In count III plaintiff seeks not only compensatory damages but also punitive damages for wantonness. Plaintiff asserts that defendants wantonly breached a duty to handle plaintiff's financial matters with due care which included not pursuing further legal action against plaintiff and removing all negative references from plaintiff's credit report.

5. Finally, the plaintiff seeks compensatory damages including mental anguish and punitive damages under count IV as a result of defamation.

6. This action is one of which the United States District Courts are given original jurisdiction pursuant to 28 U.S.C. § 1332, in that:

    (a) There exists complete diversity of citizenship between the plaintiff and defendants in this action, to wit:

    (b) The plaintiff, Terri Watson, is a resident citizen of the State of Alabama, Covington County, Alabama.

(c) The defendant, Nuvell Financial Sercices, L.L.C. is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located in Little Rock, Arkansas, Pulaski County, Arkansas.

(e) The defendant, Nuvell National Auto Finance, L.L.C d/b/a National Auto Finance Company, is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located in Jacksonville, Florida, Duvall County, Florida.

(f) The plaintiff makes allegations against fictitious defendants. The citizenship of any fictitious defendant shall be disregarded for purposes of this removal pursuant to 28 U.S.C. § 1441(a).

7. The plaintiff's complaint seeks, in each enumerated count, money damages in an amount not to exceed $75,000.00 exclusive of interest and cost. Plaintiff's complaint expressly seeks on behalf of the plaintiff: compensatory damages in count I for breach of contract; compensatory damages but not to be limited to damages for mental anguish in count II for negligence; compensatory damages but not to be limited to damages for mental anguish and for punitive damages in count III for wantoness; and compensatory damages but not to be limited to damages for mental anguish and for punitive damages in count IV for defamation.

8. For purposes of determining the removability of a matter where a single plaintiff brings multiple claims, the value of those claims is aggregated for the purpose of satisfying the amount in controversy. See, e.g. Nickelson v. Nestles Milk Products Corp., 107 F.2d. 17, 18 (5th Cir. 1939) (where plaintiff asserted seven causes of action under Alabama law, seeking to recover $500.00 under each, the amount sought under each cause of action was properly aggregated in order to satisfy the $3,000.00 amount in controversy requirement); Werinski v. Ford Motor Co., 286 F.3d 661, 666 (3rd Cir. 2002) (citing to Snyder v. Harris, 394 U.S. 332, 335 (1969)); 14C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 3725 (3d

ed. 1998) ("[A]s is true in the context of original jurisdiction, it is well settled that two or more claims between a single plaintiff and a single defendant may be aggregated for purposes of determining whether the jurisdictional amount requirement has been met for removal purposes."); Howell v. National Data Corp., 2001 WL 125303 (M.D. Ala. Feb. 12, 2001). Here, aggregation of the plaintiff's claims for compensatory and punitive damages in counts I through IV result in the stated amount in controversy exceeding the $75,000.00 jurisdictional limit. As a result the complaint alleges damages in excess of the jurisdictional threshold and, therefore, the amount in controversy is satisfied.

9. On the face of the complaint it appears that plaintiff has designed her complaint in order to prevent removal of this action to this Court. Plaintiff in her complaint makes four (4) separate and independent claims for compensatory, and in some counts punitive damages, but has also included language claiming damages in an amount not to exceed $75,000.00 exclusive of interest and cost. Despite the plaintiff's attempt to prevent removal through a stated limitation in her complaint, this case is still removable. See: De Aguilar v. Boeing Company, 47 F.3d 1404 (5th Cir. 1995) finding the amount in controversy satisfied despite affidavit and express limitation in the complaint that damages sought were less than $50,000.00 where defendant established that the amount in controversy exceeded $50,000.00; Rogers v. Wal-mart Stores, Inc., 230 F.3d 868 (6th Cir. 2000) (finding amount in controversy met despite plaintiff limitation in her complaint that she was seeking to recover an amount not exceeding $75,000.00). It is clear that the amount in controversy in this action is in excess of $75,000.00 as plaintiff is seeking compensatory damages in four (4) separate and independent claims and also punitive damages in three (3) of those claims. Any potential award of punitive damages against the defendants are included in determining the amount in controversy if such punitive damages are recoverable under governing law. Bell v. Preferred Life Assurance Society of Montgomery, Alabama, 320 U.S. 238, 240 (1943); Holly Equipment Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir.1987).

10. Defendants have neither answered nor otherwise appeared in the proceeding now before the Circuit Court of Covington County, Alabama.

11. A copy of this Notice of Removal is being served upon all counsel of record.

12. A true and correct copy of a Notice of Filing of this Notice of Removal is being filed with the Clerk of the Circuit Court of Covington County, Alabama.

13. By filing this Notice of Removal, the defendants do not waive any defense that may be available to them.

14. A copy of all pleadings served upon the defendants are attached to the original Notice of Removal.

WHEREFORE, the defendants file this Notice of Removal so as to effect the removal of this action from said Circuit Court of Covington County, Alabama, to this Court. The defendants pray this Honorable Court will make such other Order as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

Respectfully submitted,

_____
G. Thomas Yearout          (YEA001)

_____
Paul K. Lavelle            (LAV007)

OF COUNSEL FOR DEFENDANTS
NUVELL FINANCIAL SERVICES, L.L.C.
AND NUVELL NATIONAL AUTO FINANCE, L.L.C d/b/a
NATIONAL AUTO FINANCE COMPANY

YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
(205) 298-1800
(205) 298-1801 (fax)
*Tyearout@ysllaw.com*
*Plavelle@ysllaw.com*

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing upon counsel listed below by facsimile and by placing same in the United States Mail, properly addressed and postage prepaid on this the 12th day of July, 2007.

W. Harold Albritton, III
Attorney at Law
P.O. Box 880
Andalusia, AL 36420

_____
OF COUNSEL

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>- CIVIL - | Case Number:<br>23-CV-2007-900020.00 |
|---|---|---|

IN THE CIVIL COURT OF COVINGTON, ALABAMA
**TERRI WATSON v. NUVELL FINANCIAL SERVICES, LLC**

**NOTICE TO** <u>NUVELL FINANCIAL SERVICES, LLC, THE CORPORATION COMPANY 2000 INTERSTATE PARK</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY <u>THOMAS ALBRITTON</u>

WHOSE ADDRESS IS <u>P.O. BOX 880, ANDALUSIA AL, 36420</u>

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   TERRI WATSON
pursuant to the Alabama Rules of the Civil Procedure

| 5/31/2007 4:53:09 PM | /s ROGER POWELL | *ds* |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s THOMAS ALBRITTON |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                     _____
Date                                 Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>23-CV-2007-900020.00 |
|---|---|---|

### IN THE CIVIL COURT OF COVINGTON, ALABAMA
### TERRI WATSON v. NUVELL FINANCIAL SERVICES, LLC

**NOTICE TO**  NATIONAL AUTO FINANCE COMPANY, 17500 CHENAL PARKWAY STE 200, LITTLE ROCK AR,

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS ALBRITTON
WHOSE ADDRESS IS P.O. BOX 880, ANDALUSIA AL, 36420

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  TERRI WATSON
   pursuant to the Alabama Rules of the Civil Procedure

5/31/2007 4:53:09 PM            /s ROGER POWELL                                    ds
Date                             Clerk/Register                                    By

☑ Certified mail is hereby requested      /s THOMAS ALBRITTON
                                           Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____              _____
Date                         Server's Signature

ELECTRONICALLY FILED
5/31/2007 4:53 PM
CV-2007-900020.00
CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA
ROGER POWELL, CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| TERRI WATSON, )<br>)<br>PLAINTIFF, )<br>)<br>VS. )<br>)<br>NUVELL FINANCIAL SERVICES, LLC, )<br>a foreign limited liability company; and )<br>NATIONAL AUTO FINANCE COMPANY, )<br>a foreign corporation; and fictitious defendants )<br>A-Z, those persons, firms or corporations )<br>who are unknown at this time but who will )<br>be added by amendment when ascertained, )<br>)<br>DEFENDANTS. ) | CV-07-_____ |

## COMPLAINT

1. The Plaintiff is an individual residing in Andalusia, Covington County, Alabama.

2. The Defendant Nuvell Financial Services LLC is a Delaware Limited Liability Company located in Little Rock, Arkansas, but who at all times relevant hereto did business by agent in Covington County, Alabama; and who was at all times relevant hereto, acting individually and as the agent for National Auto Finance Company.

3. The Defendant National Auto Finance Company is a foreign corporation doing business by agent in Covington County, Alabama at all times relevant hereto.

4. The Plaintiff, Terri Watson, was the victim of identity theft by her ex-husband which resulted in Nuvell Financial Services, LLC's suing her either individually, or as an agent for National Auto Finance Company, for loans which she never took out. This litigation was settled by the Plaintiff and the Defendants on or about July 21, 2005.

5. The settlement agreement reached in that litigation included that the Defendants

would fully dismiss and not pursue any further legal action against her arising out of the account that was made the basis of CV-05-37 pending in the Circuit Court of Covington County, Alabama, and that all negative references to the debt would be removed from the Plaintiff's credit report.

6. In February 2007, the Plaintiff learned that this debt was still being reported on her credit report.

7. When the Plaintiff notified the Defendants in writing that they had failed to correct her credit report to show that the debt was invalid, they wrote her (on April 5, 2007) and told her that they did not believe her claims of identity theft were valid. They further said that they would "resume normal servicing on [her] account immediately, which includes collection activity and reporting the account to the three major consumer reporting agencies," which they did.

## COUNT ONE–BREACH OF CONTRACT

8. The Plaintiff incorporates by reference and sets out as if fully set out herein, all previous allegations.

9. On or about July 21, 2005, the Defendants, including fictitious defendants A-Z, individually, and by and through their agents, servants and employees, had a contract with the Plaintiff that provided that the Defendants would fully dismiss and not pursue any further legal action against her, based on the account that was made the subject of CV-2005-37, pending in the Circuit Court of Covington County, Alabama; and that they would remove all negative references regarding this matter from her credit report.

10. The Plaintiffs breached this contract they had with the Plaintiff in that they continued to pursue the collection of this debt after they had agreed to dismiss it, and they either failed to remove all negative references regarding this matter from her credit report, or they renotified the

three major consumer reporting agencies of this invalid debt, proximately causing the plaintiff damages.

WHEREFORE, for the above reasons, the Plaintiff demands judgment against the Defendants for compensatory damages in an amount not to exceed $75,000.00, exclusive of interest and costs.

## COUNT TWO–NEGLIGENCE

11. The Plaintiff incorporates by reference and sets out as if fully set out herein, all previous allegations.

12. On or about July 21, 2005, and at all times thereafter, the Defendants owed the Plaintiff a duty to handle her financial matters with due care, as would be exercised by a reasonable person under the same or similar circumstances, which included not pursuing any further legal action against her, based on the account that was made the subject of CV-2005-37, pending in the Circuit Court of Covington County, Alabama; and by removing all negative references regarding this matter from her credit report.

13. The Plaintiffs breached this duty they owed to the Plaintiff in that they continued to pursue the collection of this debt after they had agreed to dismiss it, and they either failed to remove all negative references regarding this matter from her credit report, or they renotified the three major consumer reporting agencies of this invalid debt, in further breach of this duty, proximately causing the plaintiff damages.

WHEREFORE, for the above reasons, the Plaintiff demands judgment against the Defendants for compensatory damages, including but not to be limited to damages for mental anguish, in an amount not to exceed $75,000.00, exclusive of interest and costs.

## COUNT THREE–WANTONNESS

14. The Plaintiff incorporates by reference and sets out as if fully set out herein, all previous allegations.

15. On or about July 21, 2005, and at all times thereafter, the Defendants owed the Plaintiff a duty to handle her financial matters with due care, and not to consciously disregard her financial rights and safety, which included not pursuing any further legal action against her, based on the account that was made the subject of CV-2005-37, pending in the Circuit Court of Covington County, Alabama; and by removing all negative references regarding this matter from her credit report.

16. The Plaintiffs wantonly breached this duty they owed to the Plaintiff in that they continued to pursue the collection of this debt after they had agreed to dismiss it, and they either failed to remove all negative references regarding this matter from her credit report, or they renotified the three major consumer reporting agencies of this invalid debt, in further breach of this duty, proximately causing the plaintiff damages.

WHEREFORE, for the above reasons, the Plaintiff demands judgment against the Defendants for compensatory damages, including but not to be limited to damages for mental anguish, and for punitive damages, in an amount not to exceed $75,000.00, exclusive of interest and costs.

## COUNT FOUR–DEFAMATION

17. The Plaintiff incorporates by reference and sets out as if fully set out herein, all previous allegations.

18. On or about July 21, 2005, and at all times thereafter, the Defendants published matters to third parties which were untrue, to wit: that the Plaintiff had a valid, unpaid and

delinquent debt with the Defendants.

19. As a proximate result of the Defendants publishing of these untruthful matters, the Plaintiff was damaged.

WHEREFORE, for the above reasons, the Plaintiff demands judgment against the Defendants for compensatory damages, including but not to be limited to damages for mental anguish, and for punitive damages, in an amount not to exceed $75,000.00, exclusive of interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

/s/Thomas B. Albritton
Thomas B. Albritton
Attorney for Plaintiff

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

Please serve the defendants via certified mail as follows:

Nuvell Financial Services LLC
The Corporation Company
2000 Interstate Park Dr. Ste. 204
Montgomery, Alabama 36109

National Auto Finance Company
17500 Chenal Parkway Ste 200
Little Rock, AR 72223

/s/Thomas B. Albritton
OF COUNSEL