IN THE UNITED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TERRI WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Action No. |
| v. ) | |
| ) | 2:07-CV-00639-WKW-TFM |
| NUVELL FINANCIAL ) | |
| SERVICES LLC ) | |
| and NUVELL NATIONAL AUTO ) | |
| FINANCE LLC d/b/a ) | |
| NATIONAL AUTO ) | |
| FINANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

COME NOW, defendants Nuvell Financial Services LLC and Nuvell National Auto Finance LLC d/b/a National Auto Finance Company (both Nuvell Financial Services LLC and Nuvell National Auto Finance LLC d/b/a National Auto Finance Company hereinafter collectively referred to as "defendants") and file this memorandum of law in support of and contemporaneously with their motion to dismiss Counts II, III and IV of plaintiff's complaint. The above counts fail to state a claim upon which relief can be granted, are preempted by federal law and should be dismissed pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure.

### STATEMENT OF THE CASE

The plaintiff filed this action in the Circuit Court of Covington County, Alabama. The defendants thereafter filed a timely Notice of Removal with this Court. The plaintiff's complaint

consists of four counts. Count I alleges breach of contract. Count II alleges negligence. Count III alleges wantonness and Count IV alleges defamation.

The plaintiff asserts she was the victim of identity theft which resulted in defendants bringing a suit against her to collect on an automobile contract. The plaintiff further asserts the parties entered into an agreement to dismiss the collection action. The plaintiff further asserts defendants dismissed the action as agreed, but failed to remove all negative references from her credit report and later notified the credit agencies of a debt causing the plaintiff to suffer damages. The plaintiff makes no allegation of willful and malicious conduct on the part of defendants.

## STANDARD OF REVIEW

Defendant's motion is based upon Federal Rule of Civil Procedure 12(b)(6). A Court should grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King Spalding, 467 U.S. 69,73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint. In assessing a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, United States v. Gaubert, 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). A Rule 12(b)(6) motion should be granted if a complaint lacks an allegation regarding an element necessary to obtain relief. See, Pyles v. United Air Lines, Inc., 79 F.3d 1046, 1049 (11th Cir.1996); Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir.1984), adhered to en banc, 764 F.2d 1400 (11th Cir.1985), cert. denied, 476 U.S. 1124, 106 S.Ct. 1992, 90 L.Ed.2d 673 (1986).

## ARGUMENT

Counts II, III and IV of plaintiff's complaint fail to state any cause of action upon which relief can be granted, as the state law tort claims advanced by the plaintiff are specifically preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA"). The applicable provisions of the FCRA and state case law are definitive on this issue. As a result Counts II, III and IV of plaintiff's complaint must be dismissed in their entirety.

### I. The Fair Credit Reporting Act Preempts The Plaintiff's State Law Claims For Negligence, Wantonness and Defamation.

There are two provisions of the FCRA that preempt plaintiff's state tort law claims brought against defendants relating to their conduct as furnishers of credit information. 15 U.S.C. § 1681t(b)(1)(F) which provides for complete preemption of state law tort claims states:

> (b) General exceptions
>
> No requirement or prohibition may be imposed under the laws of any State--
>
> (1) with respect to any subject matter regulated under--
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply--
> (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
> (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);

15 U.S.C. § 1681h(e) which provides limited preemption of state tort law claims states:

> (e) Limitation of liability

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report [FN2] except as to false information furnished with malice or willful intent to injure such consumer.

Several District Courts have attempted to reconcile the application of these two sections and in doing so have taken different paths to reach similar results. Some courts have determined there is a complete preemption of all state claims as 15 U.S.C § 1681t(b)(1)(f) supercedes 15 U.S.C. § 1681h(e). Other courts have decided that 15 U.S.C § 1681t(b)(1)(f) is more limited in scope and preemption under this statute applies only after the furnisher of credit information has received notice from a credit reporting agency of a dispute with regard to completeness or accuracy of the information provided. Despite the differing analysis of the interplay between 15 U.S.C § 1681t(b)(1)(f) and 15 U.S.C § 1681h(e), courts have generally agreed that the limitations of 15 U.S.C § 1681h(e) apply at anytime. See, Woltersdorf v. Pentagon Federal Credit Union, 320 F.Supp.2d 1222 (N.D. Ala. 2004).

    a.    **Plaintiff's state tort law claims are preempted under 15 U.S.C. § 1681t(b)(1)(f).**

In Riley v. General Motors Acceptance Corp., 226 F. Supp 1316 (S.D. Ala. 2002) plaintiff asserted that the defendant violated the Fair Credit Reporting Act and also asserted various related state law claims such as negligence, defamation, invasion of privacy and outrage. In Riley, the court held that:

>Thus, there is no question that the statutory prohibition precludes suits under state consumer protection laws. However, the plaintiff's complaint in the case at bar alleges FCRA and Alabama tort claims. The issue to be resolved is whether the conduct which gives rise to the plaintiff's FCRA claims (where any similar state consumer protection law claims are preempted) may also form the basis for state law claims such as negligence, defamation, invasion of privacy, and outrage. After careful consideration of all relevant precedent, the court concludes that the answer is no; the plaintiff's state claims are entirely preempted by 15 U.S.C. § 1681t(b)(1)(F).[FN5] In reaching this conclusion, the court notes the Eastern District of Pennsylvania opinion in *Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp.2d 356 (E.D.Pa.2001). The *Jaramillo* Court reached a conclusion similar to *Carney*, holding that the plaintiff's claims under the Pennsylvania Consumer Protection Law were preempted. " It is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.' Any other interpretation would fly in the face of the plain meaning of the statute." *Id.*, at 361-62.

In the instant case, plaintiff's state tort law claims of negligence, wantonness and defamation are based on defendants' role as a furnisher of allegedly inaccurate credit information regarding plaintiff. Here, as in Riley, those state law claims are preempted by 15 U.S.C. § 1681t(b)(1)(F).

### b. Plaintiff's state tort law claims are preempted under 15 U.S.C. § 1681h(e).

Not all courts agree that 15 U.S.C. § 1681t(b)(1)(f) totally preempts all state law tort claims, but have held 15 U.S.C. § 1681h(e) preempts state tort claims not supported by allegations of malice or intent to injure. The Court in Woltersdorf v. Pentagon Federal Credit Union, 320 F.Supp.2d 1222 (N.D. Ala. 2004), held state law tort claims are preempted by 15 U.S.C. § 1681t(b)(1)(f) if the claims involved conduct by the furnisher of information after the

furnisher was made aware by a credit reporting agency the information was false or disputed but 15 U.S.C. § 1681h(e) applies both before and after a credit reporting agency notifies a furnisher of information about a consumer dispute.

In a case similar to the case at hand, the plaintiff in McCloud v. Homeside Lending, 309 F.Supp. 2d 1335 (N.D. Ala. 2004), alleged that the holder of a promissory note and mortgage furnished incorrect credit information to credit reporting agencies. Plaintiff asserted state law claims for negligence, wantonness, defamation, and invasion of privacy. The Court in McCloud considered preemption and found that under §§ 15 U.S.C. § 1681h(e) only state tort claims supported by allegations of malice or intent to injure could survive preemption. McCloud, at 1344 (N.D. Ala. 2004). Accordingly, the Court held plaintiff's negligence claim was preempted by the FCRA as "negligence, by its very nature, can never be intentional." Id. at 1342. Likewise, Plaintiff's claim for wantonness was preempted by the FCRA as a claim for wantonness "does not require proof of an intent to cause injury." Id. at 1343. In McCloud, at 1344, plaintiff's claims for defamation and invasion of privacy were not preempted by the FCRA because the plaintiff brought "sufficient allegations of defendant's willful intent to injure."

Here, as in McCloud, the plaintiff has alleged negligence and wantonness and made no allegation of malice or intent to injure. Accordingly, the plaintiff's counts for negligence and wantonness are due to be dismissed.

Unlike the McCloud case, the plaintiff's defamation count makes no allegation of willful intent to injure or malice thus the plaintiff's defamation count is due to be dismissed.

## CONCLUSION

It is clear that no relief can be granted under any set of facts that could be proved consistent with plaintiff's allegations. Whether this Court applies the limitations of 15 U.S.C. § 1681t(b)(1)(f) or 15 U.S.C. § 1681h(e) to plaintiff's claims for negligence, wantonness and defamation, these claims are due to be dismissed as a result of preemption by the FCRA.

_____  
G. Thomas Yearout                                    (YEA001)

_____  
Paul K. Lavelle                                          (LAV007)


OF COUNSEL FOR DEFENDANTS
NUVELL FINANCIAL SERVICES LLC
AND NUVELL NATIONAL AUTO FINANCE LLC d/b/a
NATIONAL AUTO FINANCE COMPANY


YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
(205) 298-1800
(205) 298-1801 (fax)
*Tyearout@ysllaw.com*
*Plavelle@ysllaw.com*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing memorandum as been served upon the following by using the CM/ECF system which will send notification of such filing to the below-named on this the 2nd day of August 2007.

> W. Harold Albritton, III
> Attorney at Law
> P.O. Box 880
> Andalusia, AL 36420

_____
OF COUNSEL