IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRI WATSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO. 2:07-CV-639 |
| ) | |
| NUVELL FINANCIAL SERVICES, LLC, ) | |
| a foreign limited liability company; and ) | |
| NATIONAL AUTO FINANCE COMPANY, ) | |
| a foreign corporation; and fictitious defendants ) | |
| A-Z, those persons, firms or corporations ) | |
| who are unknown at this time but who will ) | |
| be added by amendment when ascertained, ) | |
| ) | |
| DEFENDANTS. ) | |

**BRIEF IN OPPOSITION TO MOTION TO DISMISS
AND IN FURTHER SUPPORT OF MOTION TO REMAND**

COMES NOW the Plaintiff and in opposition to the Motion to Dismiss filed by the Defendants, and in support of her previously-filed Motion to Remand, offers the following:

1. The Plaintiff filed a four-count complaint alleging Breach of Contract, Negligence, Wantonness and Defamation–all state court claims.

2. The Plaintiff has not alleged any violation of the Fair Credit Reporting Act.

3. The Defendants removed this case based on diversity of citizenship, the only grounds available to them.

4. A Defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. See <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316 (11th Cir. 2001). Federal removal statutes must be strictly construed against removal and all doubts about removal must be resolved in favor of remand. See <u>Lacey v. Dollar General Corp</u>., 2005 WL 3240708

(M.D. Ala. 2005).

A federal court has diversity jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C. 1332(a). In the present case, the amount in controversy does not exceed the jurisdictional limit for diversity jurisdiction. The Plaintiff specifically plead in the Complaint that she does not seek damages in excess of $75,000.00 exclusive of interest and costs. In light of the Defendants' removal petition, the Plaintiff submitted an affidavit from Counsel specifically stating that at the time the Complaint was filed, he did not intend, and would not accept, damages in excess of $75,000.00 exclusive of interest and costs. Affidavits of Counsel have routinely been held sufficient to support a remand of the case to state court. See, e.g., Watson v. Cotton States Mutual Ins. Co., 2006 WL 2792168 (M.D. Ala. 2006); Hill v. MONY Life Insur. Co., 75 F. Supp. 2d 1328 (M.D. Ala. 1999); Hooks v. Associates Financial Services Co., Inc., 966 F.Supp. 1098 (M.D. Ala. 1997). Accordingly, the Plaintiff's Motion to Remand should be granted. With respect to the Defendant's Motion to Dismiss, upon remand of this action, consideration of the Defendant's Motion to Dismiss is pretermitted by the Court's determination that it does not have jurisdiction. University of S. Ala. v. American Tobacco Co., 168 F.3d 405 (11th Cir. 1999); Adams v. Charter Communications, VII, LLC, 356 F. Supp. 2d 1268 (M.D. Ala. 2005).

5. Moreover, the fact that the Defendants have raised preemption is immaterial to this Court's determination of whether to remand the case. The Defendants moved to dismiss the Plaintiff's Negligence, Wantonness and Defamation claims on the basis that they are preempted by the Fair Credit Reporting Act. The Plaintiff has not plead any violation of the Fair Credit Reporting Act. The Defendants, therefore, raise preemption defensively in this case. Even if the Plaintiff's claims were preempted, however, defensively preempted state law claims are not

removable to federal court; or to state it another way, "federal defenses do not provide a basis for removal." Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987); Shaner v. Fleet Bank, 132 F. Supp. 2d 953 (M.D. Ala. 2001); Watkins v. Trans Union, LLC, 118 F.Supp.2d 1217 (N.D. Ala. 2000). Therefore, the issue of preemption should not figure into this Court's analysis of whether to grant or deny the Plaintiff's Motion to Remand; and the issues the Defendants raise can just as easily be argued to the state court. Defensive preemption may be invoked in either federal or state court. BLAB T.V. of Mobile, Inc. v. Comcast Cable Communication, Inc., 182 F.3d 851 (11th Cir. 1999). In light of the fact that the amount in controversy is insufficient to support removal, therefore, this Court should remand the case to the Circuit Court of Covington County, Alabama on that basis alone.

   6. If the Court were to deny the Plaintiff's Motion to Remand, however, the Defendants' Motion to Dismiss still should be denied. First, the Defendants have the burden to establish proof sufficient to warrant the granting of the Motion to Dismiss. Conley v. Gibson, 355 U.S. 41 (1957). Moreover, the Court should presume that all factual allegations in the Complaint are true. Id. All reasonable inferences are made in favor of the non-moving party. Id. And the Court should deny the motion to dismiss unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id.

   The Fair Credit Reporting Act (hereinafter FCRA) does not apply to all claims against all people. The Plaintiff has filed suit against Nuvell Financial Services and National Auto Finance Company. The relationship between the parties has not been specifically plead. Their true relationship, including their respective duties, is not fully known because no discovery has been conducted in this case. Therefore, at the outset the face of the Complaint does not support the conclusion that even if the FCRA applies in the context plead, that it preempts all of the state law

claims; or even if it preempts any, which ones it preempts.

Moreover, the FCRA provides various duties depending on a party's status, and the legal duty of each of the parties has not been plead. For example, 15 U.S.C. 1681s-2 applies to "furnishers of information" who provide information to consumer reporting agencies. Liability under this section arises when the consumer reporting agency notifies the furnisher of information of inaccuracies that the consumer has pointed out to them. Id; see, e.g., Elmore v. North Fork Bancorporation, Inc., 325 F. Supp. 2d 336 (S.D.N.Y 2004).

Section 1681e(b) applies to users and reporters of credit, but these are terms of art within the Act. Moore v. Beneficial Nat. Bank USA, 876 F.Supp. 1247 (M.D. Ala. 1995). For example, "consumer reports" does not include "any report containing information solely as to transactions or experiences between the consumer and the person making the report." When a business is merely reporting on the consumer's transactions with the reporting entity, it does not fall under the duties of this section of the FCRA. Id.

The analysis of the application of the FCRA involves issues of fact. The Defendants have offered no evidence that establishes that the FCRA even applies to the dispute between these parties. The Complaint, on its face, does not state facts that are sufficient to warrant a dismissal of the state law claims based on preemption, should the Court deny the Plaintiff's Motion to Remand. It clearly does not support the conclusion that "beyond a doubt" there are no circumstances under which the Plaintiff could prevail on her state law claims, or that the FCRA even applies to these parties and the claims. Moreover, the Defendants' can raise and argue the issue of preemption at a later date after each party's respective duties have been developed.

WHEREFORE, for the above reasons, the Plaintiff moves this Court to Remand this matter to the Circuit Court of Covington County, or in the alternative to deny the Defendants'

Motion to Dismiss.

        s/Thomas B. Albritton
        Thomas B. Albritton (ALB009)
        Attorney for Plaintiff

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by e-service on this, the 22nd day of August, 2007:

G. Thomas Yearout
Paul K. Lavelle
YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, AL 35242

        s/Thomas B. Albritton
        Of Counsel