IN THE UNITED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TERRI WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:07-CV-00639-WKW-TFM |
| v. ) | |
| ) | |
| NUVELL FINANCIAL SERVICES LLC, ) | |
| and NUVELL NATIONAL AUTO ) | |
| FINANCE LLC d/b/a NATIONAL AUTO ) | |
| FINANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**AMENDED NOTICE OF REMOVAL**

COME NOW the defendants, Nuvell Financial Services, LLC. and Nuvell National Auto Finance L.L.C. d/b/a National Auto Finance and file this their Amended Notice of Removal of the above-styled action from the Circuit Court of Covington County, Alabama, CV 2007-900020, to the United States District Court for the Middle District of Alabama, Northern Division pursuant to 28 U.S.C. §§ 1331, 1332 and 1441 (a), and in support thereof, show unto the Court as follows:

1. On or about May 31, 2007, the plaintiff, Terri Watson (hereinafter "plaintiff"), filed a Summons and Complaint in the Circuit Court of Covington County, Alabama styled *Terri Watson v. Nuvell Financial Services, LLC, a foreign limited liability company; and National Auto Finance Company, a foreign corporation; and fictitious defendants A-Z, those persons, firms or corporations who are unknown at this time but who will be added by amendment when ascertained,* CV 2007-900020. In her complaint, the plaintiff claims she was the victim of identity theft by her ex-husband which resulted in Nuvell Financial Services, L.L.C.'s bringing suit against her to collect a debt. Plaintiff claims this litigation was settled by the Plaintiff and the Defendants on or about July 21, 2005. Plaintiff claims the lawsuit with Nuvell Financial Services, L.L.C. resulted in a settlement agreement that Nuvell dismiss plaintiff and not pursue

1

any further legal action against her and that all negative references to the debt would be removed from her credit report. Plaintiff claims the defendants have failed to remove negative references from her credit report.

2. The plaintiff makes allegations of breach of contract, negligence, wantonness and defamation against both defendants. The plaintiff seeks damages in an amount not to exceed $75,000.00 exclusive of interest and cost under each count contained in her complaint. The Complaint contains 4 counts. In her Complaint Plaintiff seeks compensatory and punitive damages. In count I plaintiff asserts that defendants breached a contract with plaintiff when defendants failed to remove negative credit references as agreed.

3. In count II the plaintiff seeks compensatory damages, including but not limited to mental anguish, for negligence asserting that defendants breached a duty to handle plaintiff's financial matters with care when defendants continued to collect a debt after reaching an agreement with plaintiff and failed to remove negative credit references from plaintiff's credit report as agreed.

4. In count III plaintiff seeks not only compensatory damages but also punitive damages for wantonness. Plaintiff asserts that defendants wantonly breached a duty to handle plaintiff's financial matters with due care which included not pursuing further legal action against plaintiff and removing all negative references from plaintiff's credit report.

5. Finally, the plaintiff seeks compensatory damages including mental anguish and punitive damages under count IV as a result of defamation.

6. This action is one of which United States District Court is given original jurisdiction pursuant to 28 U.S.C. § 1331 of all civil actions which arise under the Constitution, laws or treaties of the United States.

7. Removal based upon federal question jurisdiction is governed by the well pleaded complaint Rule. See <u>Gully v. First National Bank</u>, 299 U.S. 109, J7 S. Ct. 96, 81L. Ed. 70 (1936).

8. The doctrine of complete pre-emption acts as an exception to the well-pleaded complaint rule. See <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 96 L. Ed. 2d 318, 55 USLW4804 (1987).

9. Three counts contained in plaintiff's complaint are specifically pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.

10. 15 U.S.C. § 1681 t(b)(1)(F) and 15 U.S.C. § 1681 h(e) provides for the complete pre-emption of state law tort claims. <u>Riley v. General Motors Acceptance Corp.</u>, 226 F. Supp. 1316 (S.D. Ala. 2002).

11. This action is one of which the United States District Courts are given original jurisdiction pursuant to 28 U.S.C. § 1332, in that:

    (a) There exists complete diversity of citizenship between the plaintiff and defendants in this action, to wit:

    (b) The plaintiff, Terri Watson, is a resident citizen of the State of Alabama, Covington County, Alabama.

    (c) The defendant, Nuvell Financial Services, L.L.C. is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located in Little Rock, Arkansas, Pulaski County, Arkansas.

    (e) The defendant, Nuvell National Auto Finance, L.L.C d/b/a National Auto Finance Company, is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located in Jacksonville, Florida, Duvall County, Florida.

    (f) The plaintiff makes allegations against fictitious defendants. The citizenship of any fictitious defendant shall be disregarded for purposes of this removal pursuant to 28 U.S.C. § 1441(a).

12.  The plaintiff's complaint seeks, in each enumerated count, money damages in an amount not to exceed $75,000.00 exclusive of interest and cost. Plaintiff's complaint expressly seeks on behalf of the plaintiff: compensatory damages in count I for breach of contract; compensatory damages but not to be limited to damages for mental anguish in count II for negligence; compensatory damages but not to be limited to damages for mental anguish and for punitive damages in count III for wantoness; and compensatory damages but not to be limited to damages for mental anguish and for punitive damages in count IV for defamation.

13.  For purposes of determining the removability of a matter where a single plaintiff brings multiple claims, the value of those claims is aggregated for the purpose of satisfying the amount in controversy. See, e.g. Nickelson v. Nestles Milk Products Corp., 107 F.2d. 17, 18 (5th Cir. 1939) (where plaintiff asserted seven causes of action under Alabama law, seeking to recover $500.00 under each, the amount sought under each cause of action was properly aggregated in order to satisfy the $3,000.00 amount in controversy requirement); Werinski v. Ford Motor Co., 286 F.3d 661, 666 (3rd Cir. 2002) (citing to Snyder v. Harris, 394 U.S. 332, 335 (1969)); 14C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 3725 (3d ed. 1998) ("[A]s is true in the context of original jurisdiction, it is well settled that two or more claims between a single plaintiff and a single defendant may be aggregated for purposes of determining whether the jurisdictional amount requirement has been met for removal purposes."); Howell v. National Data Corp., 2001 WL 125303 (M.D. Ala. Feb. 12, 2001). Here, aggregation of the plaintiff's claims for compensatory and punitive damages in counts I through IV result in the stated amount in controversy exceeding the $75,000.00 jurisdictional limit. As a result the complaint alleges damages in excess of the jurisdictional threshold and, therefore, the amount in controversy is satisfied.

14.  On the face of the complaint it appears that plaintiff has designed her complaint in order to prevent removal of this action to this Court. Plaintiff in her complaint makes four (4) separate and independent claims for compensatory, and in some counts punitive damages, but

has also included language claiming damages in an amount not to exceed $75,000.00 exclusive of interest and cost. Despite the plaintiff's attempt to prevent removal through a stated limitation in her complaint, this case is still removable. See: De Aguilar v. Boeing Company, 47 F.3d 1404 (5th Cir. 1995) finding the amount in controversy satisfied despite affidavit and express limitation in the complaint that damages sought were less than $50,000.00 where defendant established that the amount in controversy exceeded $50,000.00; Rogers v. Wal-mart Stores, Inc., 230 F.3d 868 (6th Cir. 2000) (finding amount in controversy met despite plaintiff limitation in her complaint that she was seeking to recover an amount not exceeding $75,000.00). It is clear that the amount in controversy in this action is in excess of $75,000.00 as plaintiff is seeking compensatory damages in four (4) separate and independent claims and also punitive damages in three (3) of those claims. Any potential award of punitive damages against the defendants are included in determining the amount in controversy if such punitive damages are recoverable under governing law. Bell v. Preferred Life Assurance Society of Montgomery, Alabama, 320 U.S. 238, 240 (1943); Holly Equipment Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir.1987).

15. Defendants have neither answered nor otherwise appeared in the proceeding now before the Circuit Court of Covington County, Alabama.

16. A copy of this Notice of Removal is being served upon all counsel of record.

17. A true and correct copy of a Notice of Filing of this Notice of Removal is being filed with the Clerk of the Circuit Court of Covington County, Alabama.

18. By filing this Notice of Removal, the defendants do not waive any defense that may be available to them.

19. A copy of all pleadings served upon the defendants are attached to the original Notice of Removal.

WHEREFORE, the defendants file this Notice of Removal so as to effect the removal of this action from said Circuit Court of Covington County, Alabama, to this Court. The defendants pray this Honorable Court will make such other Order as may be appropriate to effect the

preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

Respectfully submitted,

_____
G. Thomas Yearout          (YEA001)

_____
Paul K. Lavelle            (LAV007)

OF COUNSEL FOR DEFENDANTS
NUVELL FINANCIAL SERVICES, L.L.C.
AND NUVELL NATIONAL AUTO FINANCE, L.L.C d/b/a
NATIONAL AUTO FINANCE COMPANY

YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
(205) 298-1800
(205) 298-1801 (fax)
*Tyearout@ysllaw.com*
*Plavelle@ysllaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following Counsel electronically through the Court's CM/ECF system and/or by placing a copy of the same in the United States Mail, properly addressed and postage prepaid on this the 30 day of August, 2007.

W. Harold Albritton, III
Attorney at Law
P.O. Box 880
Andalusia, AL  36420

_____
OF COUNSEL