**IN THE UNITED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| TERRI WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Action No. |
| v. | ) | |
| | ) | 2:07-CV-00639-WKW-TFM |
| NUVELL FINANCIAL | ) | |
| SERVICES LLC | ) | |
| and NUVELL NATIONAL AUTO | ) | |
| FINANCE LLC d/b/a | ) | |
| NATIONAL AUTO | ) | |
| FINANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS NUVELL FINANCIAL SERVICES LLC AND NUVELL
NATIONAL AUTO FINANCE LLC'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

Defendants, Nuvell Financial Services LLC (hereinafter "Nuvell") and Nuvell

National Auto Finance LLC d/b/a National Auto Finance Company (hereinafter

"National") (hereinafter collectively referred to as "defendants"), hereby respond in

opposition to the Motion To Remand filed by plaintiff Terri Watson ("plaintiff") as

follows:

**Procedural History**

On May 31, 2007, plaintiff filed this case in the Circuit Court of Covington

County, Alabama. [Complaint]. In her complaint, the plaintiff alleges four counts.

[Id.] The first count alleges breach of contract and the remaining counts assert negligence, wantonness and defamation. [Id.] In two of the four counts plaintiff claims compensatory damages and punitive damages. [Id.]

On July 12, 2007 defendants filed a notice of removal, establishing that this Court had subject matter jurisdiction under 28 U.S.C. § 1332 because the claims involved complete diversity of parties and the amount in controversy exceeded $75,000.00 exclusive of interest and cost. [Notice of Removal].

On August 8, 2007 defendants filed a Motion to Dismiss three of counts asserted in plaintiffs complaint arguing that these counts were due to be dismissed as they were preempted by the Fair Credit Reporting Act. [Motion To Dismiss].

On August 13, 2007 the plaintiff filed her Motion to Remand. Attached to the Motion To Remand, in support thereof, was an affidavit signed by the plaintiff's counsel that he would not accept a judgment in excess of $75,000.00. [Motion To Remand] No such affidavit was filed by the plaintiff.

On August 30, 2007 defendants filed an amended Notice of Removal to assert subject matter jurisdiction under 28 U.S.C. § 1331. [Amended Notice of Removal].

**Argument**

Plaintiff asserts in her Motion to Remand that the above styled action was improperly removed to this Court. In support of her motion, plaintiff argues that at time of removal this court lacked jurisdiction of the above styled action because the amount in controversy did not exceed the jurisdictional threshold for diversity jurisdiction. In

2

response, defendants argue that removal was proper because at the time of removal subject matter jurisdiction existed pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

I.    At Time of Removal Subject Matter Jurisdiction Existed Pursuant to 28 U.S.C. 1332.

"Federal Courts may exercise jurisdiction in cases involving citizens of different states only if the amount in controversy exceeds $75,000, exclusive of interest and cost." Brooks v. Pre-paid Legal Services, 153 F. Supp.2d 1299.  To determine if subject matter jurisdiction existed at the time of removal a court must look to plaintiff's claim to determine whether removal was appropriate.  "Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal.*"  Burns v. Windsor Insurance Co. 31 F.3d 1092 (C.A. 11 (Ala.) 1994) citing to Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct 347, 348, 83 L.Ed 334 (1939).

In her Motion to Remand, plaintiff claims that "this Court lacks jurisdiction under 28 U.S.C. § 1332 because the amount in controversy does not exceed this Court's jurisdictional limit of $75,000." [Motion To Remand]  The plaintiff goes on to state that "the complaint itself limits recovery to an amount below the jurisdictional limit for diversity jurisdiction."  Upon review of plaintiff's complaint one will discover that in fact the complaint does not limit recovery to an amount below the jurisdictional limit for diversity jurisdiction.

Plaintiff's complaint contains four counts, each seeking damages.  Two of the four counts seek compensatory and punitive damages.  "The rule in Alabama is that each count in a complaint is considered as the statement of a different cause of action".  Nickelson v. Nestles Milk Products Corporation, Inc.,107 F.2d 17 (5th Cir. 1939).

In the first count plaintiff alleges breach of contract and seeks damages of "compensatory damages in an amount not to exceed $75,000.00 exclusive of interest and cost." [Complaint]. The second count alleges negligence. In that count plaintiff seeks damages "for compensatory damages, including but not limited to, damages for mental anguish, in an amount not to exceed $75,000.00 exclusive of interest and cost." [Id.]  In the third count plaintiff alleges wantonness, and seeks damages "for compensatory damages, including but not limited to damages for mental anguish, and for punitive damages, in an amount not to exceed $75,000.00 exclusive of interest and cost." [Id.] Finally, in the fourth count, the plaintiff alleges defamation, and seeks damages "for compensatory damages, including but not limited to, damages for mental anguish, and for punitive damages, in an amount not to exceed $75,000.00 exclusive of interest and cost." Aggregation of the ad damnum clauses in plaintiff's complaint totals $300,000.00.  Ad damnum clauses are properly aggregated for purposes of satisfying the amount in controversy requirement.  See: Raye v. Employer's Insurance of Wausau, 345 F. Supp 1313 (S.D. Ala. 2004).

The plaintiff may recover more than $300,000.00, as under Alabama law a jury is not bound by the ad damnum clauses set out in plaintiff's complaint.  Alabama Rule of Civil Procedure 54(c) states, " … every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."  In her complaint plaintiff also seeks to recover punitive damages for mental anguish. [Complaint]  Alabama law has fixed no standard for ascertaining adequate damages for mental anguish; the determination of how much to award is left to the jury's discretion. See: New Plan Realty Trust v. Morgan, 792 So.2d

351 (Ala. 2000). In addition, plaintiff's claims for punitive damages must be considered in any calculation of the amount in controversy, unless it is apparent that they cannot be recovered. In the case of Fuller v. Exxon, 78 F.Supp.2d 1289 (S.D. Ala. 1999) the Court quoted Holley Equipment Co. v. Credit Alliance Corp. 821 F.2d 1531, 1535 (11 Cir. 1987) "When determining the jurisdictional amount in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." The court went on to state that where damages were sought on behalf of plaintiffs for recklessness, wantonness, breach of fiduciary duty and fraud, Alabama law permitted recovery of punitive damages under each of those theories.

Plaintiff is the master of her complaint and is charged with knowledge of her complaint and the damages she seeks. See Gardner v. Allstate Indemnity Co., 147 F.Supp.2d 1257 (M.D. Ala. 2001). Clearly the relief sought in plaintiff's complaint is in excess of the jurisdictional threshold for subject matter jurisdiction under 28 U.S.C. § 1332.

      A.    In Order To Obtain The Relief Sought In Her Motion To Remand, Plaintiff Must Show To A Legal Certainty That The Amount In Controversy Does Not Exceed $75,000.00.

In a case removed to federal court where a complaint prays for damages of an unspecified amount the defendant has the burden of proof to show that by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional requirements. See Brooks v. Pre-paid Legal Services, 153 F. Supp.2d 1299 (M.D. Ala. 2001). When it is facially apparent from plaintiff's complaint that the amount in controversy exceeds $75,000.00, removal is proper and plaintiff has the burden of proof

to show to a legal certainty that the amount in controversy is less than the jurisdictional threshold.

In the case of <u>Raye v. Employer's Insurance of Wausau</u>, 345 F. Supp 1313, 1315 (S.D. Ala. 2004) the court held

> Because the complaint expressly demands recovery in excess of $75,000, the burden is on the plaintiff seeking remand to show "to a 'legal certainty' that his claim is actually for less than the jurisdictional amount." <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1094 (11th Cir.1994)(quoting <u>St. Paul's Indemnity Corp. v. Red Cab Co.</u>, 303 U.S. 283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). That is, it must appear "to a legal certainty that a reasonable jury could not have found [the plaintiff's damages] sufficient to invoke federal jurisdiction." <u>Dassinger v. South Central Bell Telephone Co.</u>, 505 F.2d 672, 674 (5th Cir.1974); accord <u>Lee v. Kisen</u>, 475 F.2d 1251, 1253 (5th Cir. 1973).

In sole support of the Motion to Remand, plaintiff's attorney attached his affidavit to the motion. This affidavit concerned the relief requested in plaintiff's complaint.

The courts in the Eleventh Circuit have generally allowed post removal stipulations or affidavits filed by the plaintiff if they act as clarification of the relief sought in the complaint. Here the affidavit fails to act as clarification of the relief sought in the complaint and the affidavit should be disregarded.

As evidence that the plaintiff's complaint did not seek damages beyond the jurisdictional threshold, plaintiff's counsel attached his own affidavit in support of the motion to remand. In the affidavit the plaintiff's attorney states, "I will not under any circumstances accept a judgment in this case in excess of $75,000.00, exclusive of interest and costs." The affidavit filed does not contain any affirmation from plaintiff that the relief sought in the complaint is limited. The affidavit does not bind plaintiff's successors, assignees or heirs in the event that something happens to plaintiff. Nor does

the affidavit bind the plaintiff in the event she and her attorney part ways before a judgment is rendered in this case.

Plaintiff has not stipulated that she will not seek more than the jurisdictional amount, and thus the affidavit should be disregarded. See Printworks, Inc v. Dorn Co., 869 F. Supp 36, 440 (E.D. La. 1994) (When the affidavits, affirmations, or statements of the party who seeks remand fall short of stipulating that the claimant will not seek more than the jurisdictional amount, jurisdiction must be assessed with reference to all the evidence and the court will not rely on such a stipulation.)

Despite the allowance of post-removal affidavit, the district court must still determine whether it had subject matter jurisdiction at the time of removal and whether events occurring after removal, which may reduce the damages recoverable below the amount in controversy requirement. See Poore v. American-Amicable Life Insurance Co., 218 F.3d 1287, 1290-91 (11th Cir. 2000).

In the case of Raye v. Employer's Insurance of Wausau; 345 F. Supp.2d 1313, 1317, it was determined that subject matter jurisdiction existed at the time of removal because plaintiff failed to show to a legal certainty that a reasonable jury could not have found the plaintiff's damages sufficient. In Raye, the plaintiff filed a post-removal affidavit. The Court noted that "The plaintiff merely offers his affidavit, and that of his attorney, that they are not seeking over $75,000.00 in this action, and a pre-suit settlement demand of $70,000.00. (Docs. 23, 24). These filings may be evidence of what the plaintiff seeks, but they obviously do not establish that a properly functioning jury could not possibly award more than $75,000.00."

Here the plaintiff's attorney has attempted to clarify the relief sought in the complaint by submission on his affidavit. The affidavit is deficient and should not be considered by this Court. There is no evidence in support of the motion to remand which limit plaintiff's damages. The plaintiff has failed to meet her burden of proof and her Motion to Remand should be denied.

II.    At Time Of Removal Subject Matter Jurisdiction Existed Pursuant to 28 U.S.C. 1331.

As indicated above, defendants' amended their Notice of Removal to include subject matter jurisdiction under 28 U.S.C. § 1331. Based upon its Amended Notice of Removal, defendants also argue that removal is proper as subject matter jurisdiction existed under 28 U.S.C. § 1331 at the time of the removal.

The district courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. See 28 U.S.C. § 1331. Removal of an action brought in state court over which the federal court has original jurisdiction is proper. See 28 U.S.C. § 1441(a). Removal based on federal question jurisdiction is generally governed by the well-pleaded complaint rule. See <u>Gully v. First National Bank</u>, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed.70 (1936).

The doctrine of complete preemption acts as an exception to the well-pleaded complaint rule. See <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 96 L.Ed.2d 318, 55 USLW 4804 (1987). Under this doctrine, state law claims may be removed to federal court under 28 U.S.C. § 1441(a) as containing a federal question even where the face of the plaintiff's properly pleaded complaint makes no reference to any issues of federal law. " If a state law claim is completely pre-empted courts are required to recharacterize the

claim as one arising under federal law for purposes of determining removal jurisdiction"
Engelhardt v. Paul Revere Life Insurance Co., 139 F.3d 1346 (C.A. 11 (Ala.) 1998).

Three of the counts in plaintiff's complaint fail to state any cause of action upon which relief can be granted, as the state law tort claims advanced by the plaintiff are specifically preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA"). The applicable provisions of the FCRA and state case law are definitive on this issue.

There are two provisions of the FCRA that preempt plaintiff's state tort law claims brought against defendants relating to their conduct as furnishers of credit information.  15 U.S.C. § 1681t(b)(1)(F), which provides for complete preemption of state law tort claims states:

> (b) General exceptions
>
> No requirement or prohibition may be imposed under the laws of any State--
>
> (1) with respect to any subject matter regulated under--
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply--
> (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996);  or
> (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);

and 15 U.S.C. § 1681h(e) which states:

> (e) Limitation of liability
>
> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature

of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report [FN2] except as to false information furnished with malice or willful intent to injure such consumer.

In Riley v. General Motors Acceptance Corp., 226 F. Supp 1316 (S.D. Ala. 2002) plaintiff asserted that the defendant violated the Fair Credit Reporting Act and also asserted various related state law claims such as negligence, defamation, invasion of privacy and outrage.  In Riley, the court held that:

Thus, there is no question that the statutory prohibition precludes suits under state consumer protection laws. However, the plaintiff's complaint in the case at bar alleges FCRA and Alabama tort claims.  The issue to be resolved is whether the conduct which gives rise to the plaintiff's FCRA claims (where any similar state consumer protection law claims are preempted) may also form the basis for state law claims such as negligence, defamation, invasion of privacy, and outrage. After careful consideration of all relevant precedent, the court concludes that the answer is no; the plaintiff's state claims are entirely preempted by 15 U.S.C. § 1681t(b)(1)(F).FN5  In reaching this conclusion, the court notes the Eastern District of Pennsylvania opinion in *Jaramillo v. Experian Information Solutions, Inc.,* 155 F.Supp.2d 356 (E.D.Pa.2001). The *Jaramillo* Court reached a conclusion similar to *Carney,* holding that the plaintiff's claims under the Pennsylvania Consumer Protection Law were preempted.  "It is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.'  Any other interpretation would fly in the face of the plain meaning of the statute." *Id.,* at 361-62.

In the instant case, plaintiff's state tort law claims of negligence, wantonness and defamation are based on defendants' role as a furnisher of allegedly inaccurate credit information regarding plaintiff.  Here, as in Riley, those state law claims are preempted by 15 U.S.C. § 1681t(b)(1)(F).

15 U.S.C. § 1681h(e) also preempts state tort claims not supported by allegations of malice or intent to injure.  The Court in Woltersdorf v. Pentagon Federal Credit Union, 320 F.Supp.2d 1222 (N.D. Ala. 2004), held state law tort claims are preempted by 15 U.S.C. § 1681t(b)(1)(f) if the claims involved conduct by the furnisher of information after the furnisher was made aware by a credit reporting agency the information was false or disputed, but 15 U.S.C. § 1681h(e) applies both before and after a credit reporting agency notifies a furnisher of information about a consumer dispute.

In a case similar to the case at hand, the plaintiff in McCloud v. Homeside Lending, 309 F.Supp. 2d 1335 (N.D. Ala. 2004), alleged that the holder of a promissory note and mortgage furnished incorrect credit information to credit reporting agencies. Plaintiff asserted state law claims for negligence, wantonness, defamation, and invasion of privacy.  The Court in McCloud considered preemption and found that under §§ 15 U.S.C. § 1681h(e) only state tort claims supported by allegations of malice or intent to injure could survive preemption. McCloud, at 1344 (N.D. Ala. 2004).  Accordingly, the Court held plaintiff's negligence claim was preempted by the FCRA as "negligence, by its very nature, can never be intentional." Id. at 1342.   Likewise, Plaintiff's claim for wantonness was preempted by the FCRA as a claim for wantonness "does not require proof of an intent to cause injury." Id. at 1343.  In McCloud, at 1344, plaintiff's claims for defamation and invasion of privacy were not preempted by the FCRA because the

plaintiff brought "sufficient allegations of defendant's willful intent to injure."

Here, as in McCloud, the plaintiff has alleged negligence and wantonness and made no allegation of malice or intent to injure. Accordingly, the plaintiff's counts for negligence and wantonness are due to be dismissed.

Unlike the McCloud case, the plaintiff's defamation count makes no allegation of willful intent to injure or malice thus the plaintiff's defamation count is due to be dismissed.

## Conclusion

Removal was proper because at the time of removal subject matter jurisdiction existed pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332 as such plaintiff's Motion to Remand should be denied.

**ORAL ARGUMENT REQUESTED**

_____
G. Thomas Yearout    (YEA001)

_____
Paul K. Lavelle (LAV007)

OF COUNSEL FOR DEFENDANTS
NUVELL FINANCIAL SERVICES LLC
AND NUVELL NATIONAL AUTO FINANCE LLC d/b/a
NATIONAL AUTO FINANCE COMPANY

YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
(205) 298-1800
(205) 298-1801 (fax)
_Tyearout@ysllaw.com_
_Plavelle@ysllaw.com_

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing memorandum as been served upon the following by using the CM/ECF system which will send notification of such filing to the below-named on this the ___31st___ day of August 2007.

W. Harold Albritton, III
Attorney at Law
P.O. Box 880
Andalusia, AL  36420

OF COUNSEL