IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERRI WATSON,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| VS. ) | **CASE NO. 2:07-CV-639** |
| ) | |
| **NUVELL FINANCIAL SERVICES, LLC,** ) | |
| a foreign limited liability company; and ) | |
| **NATIONAL AUTO FINANCE COMPANY,** ) | |
| a foreign corporation; and fictitious defendants ) | |
| A-Z, those persons, firms or corporations ) | |
| who are unknown at this time but who will ) | |
| be added by amendment when ascertained, ) | |
| ) | |
| **DEFENDANTS.** ) | |

**BRIEF IN SUPPORT OF MOTION TO STRIKE
AMENDED NOTICE OF REMOVAL AND
RENEWED MOTION TO REMAND**

COMES NOW the Plaintiff and in support of her previously-filed Motion to Strike the Amended Notice of Removal and to Remand this case to the Circuit Court of Covington County, Alabama argues the following:

1. On May 31, 2007 the Plaintiff filed her Complaint in the Circuit Court of Covington County, Alabama.

2. Both Defendants were served by June 13, 2007. See case action summary attached hereto as Exhibit "A."

3. An action must be removed within 30 days of the service of the last Defendant.

4. The Defendants removed this action on July 12, 2007, the 30th day after service of the last defendant.

5. In their Notice of Removal, the Defendants raised one basis for Removal, Diversity of

Citizenship under 28 U.S.C. 1332 and 1441(a)(disregarding citizenship of fictitious defendants for purposes of Removal). Nowhere in their Notice of Removal, or the brief in support of it, did they raise or argue federal question jurisdiction pursuant to 28 U.S.C. 1331.

6. On August 30, 2007, however, almost 7 weeks after the deadline for Removal had passed, (and more than 11 weeks after service), the Defendants amended their Notice of Removal, without leave of Court, to allege a completely new ground for Removal, that ground being federal question jurisdiction under § 1331.

7. The Defendants' amended notice is untimely filed. A Notice of Removal may be amended freely within the 30-day period allowed for Removal. After the initial 30-day period for Removal, however, a removing party cannot assert additional grounds of jurisdiction not included in the original pleading. Fuller v. Exxon Corp., 131 F. Supp. 2d 1323 (S.D. Ala. 2001)(disallowed amendment that jurisdictional amount satisfied for Removal when not raised in original Notice of Removal). After that time, the Notice may be amended only to set forth more specifically grounds for Removal which were imperfectly stated in the original petition. American Educators Financial Corp. v Bennett, 928 F.Supp. 1113 (M.D. Ala. 1996). See 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3733 at 537 (2nd ed. 1985)("[T]he Notice may be amended only to set out more specifically the grounds for Removal that already have been stated, albeit imperfectly, in the original notice.... **Completely new grounds for Removal may not be added and missing allegations may not be furnished, however**." (emphasis added)); Alexander by Alexander v. Goldome Credit Corp., 772 F. Supp. 1217 (M.D. Ala. 1991)(a Defendant cannot amend Notice of Removal to claim consent by co-defendants when original notice of Removal omitted it); Agrico Chemical Co. v. The Williams Companies, Inc., 2005 WL 2044942 (N.D. Fla. 2005)(amendment to add federal question not allowed); Winters Govern. Sec. Corp. v. Cedar

Point, 446 F. Supp. 1123 (S.D. Fla. 1978)(a Defendant cannot amend Notice of Removal to allege citizenship of parties that was omitted from original Notice, even when Diversity of Citizenship was stated grounds).[1]  For this reason, therefore, this Court should strike the Defendant's Amended Notice of Removal which untimely raises federal question jurisdiction.

8.   An analysis of the only timely raised ground for Removal, Diversity of Citizenship, shows that the Defendants have not met their high burden to establish this Court's jurisdiction.  A Defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction.  See Williams v. Best Buy Co., 269 F.3d 1316 (11th Cir. 2001).  Federal Removal statutes must be strictly construed against Removal and all doubts about Removal must be resolved in favor of remand.  See Lacey v. Dollar General Corp., 2005 WL 3240708 (M.D. Ala. 2005).

The only ground the Defendants raise in their Notice of Removal is diversity of citizenship.  A federal court has diversity jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  28 U.S.C. 1332(a).  In

---

[1] See also, Blakeley v. United Cable System, 105 F.Supp.2d 574, 578 (S.D.Ala.2000); Stein v. Sprint Communications Co., 968 F.Supp. 371, 374 (N.D.Ill.1997) ("[A] defendant may not amend its notice of Removal after the 30-day limit in § 1446(b) to remedy a substantive defect in the petition");Spillers v. Tillman, 959 F.Supp. 364, 372 (S.D.Miss.1997) ("Although a defendant is free to amend a notice of Removal within the 30-day period set forth in 28 U.S.C. § 1446(b), once the 30-day period has expired, amendment is not available to cure a substantive defect in Removal proceedings."); Wright v. Combined Ins. Co. of America, 959 F.Supp. 356, 359 (N.D.Miss.1997) ("If a defendant seeks to amend the notice of Removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for Removal, which were inartfully stated in the original notice.   He may not allege new jurisdictional grounds for Removal."); Iwag v. Geisel Compania Maritima, 882 F.Supp. 597, 601 (S.D.Tex.1995) (finding that "[s]ection 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading," and thus holding that the court would "disallow amendments to notices of Removal that present grounds for Removal not included in the original notice.").

the present case, the amount in controversy does not exceed the jurisdictional limit for diversity jurisdiction.

First, the Plaintiff specifically pleaded in the Complaint that she does not seek damages in excess of $75,000.00 exclusive of interest and costs. Moreover, the Plaintiff's complaint contains claims that are alternate theories of recovery for the same harm. In this instance, the ad damnum in each count may not be aggregated for jurisdictional amount purposes. See Hill v. United Ins. Co. of America, 998 F. Supp. 1333 (M.D. Ala. 1998); see also, Gallo v. Homelite Consumer Products, 371 F. Supp. 2d 943 (N. D. Ill. 2005).

In light of the Defendants' Removal petition and subsequent brief, however, the Plaintiff submitted an affidavit from Counsel specifically stating that at the time the Complaint was filed, he did not intend, **and would not accept**, damages in excess of $75,000.00 exclusive of interest and costs.[2]

Under firmly entrenched Circuit precedent, the representations of counsel are sufficient to bind the client, as they are made by officers of the Court. Moreover, these affidavits are properly considered to clarify the amount in controversy at the time of Removal. See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F .3d 805, 808 (11th Cir.2003) (crediting plaintiff's counsel's representation in motion to remand that plaintiff does not seek and would not accept damages in excess of jurisdictional amount); Brooks v. Pre-Paid Legal Servs., Inc., 153 F.Supp.2d 1299, 1300-01 (M.D.Ala.2001) (observing that courts routinely give effect to binding,

---

[2]The Plaintiff's counsel's statement under oath that the Plaintiff "will not accept" a judgment in excess of the jurisdictional limit distinguishes the present case from the case Defendants cite, Raye v. American-Amicable Life Insurance Co., 345 F. Supp. 1313 (S.D. Ala. 2004), in which the Plaintiff's attorney's affidavit did not limit the amount of the judgment they would accept. By agreeing not to accept a judgment in excess of the jurisdictional limit, Plaintiff provides certainty as to the value of the case and the amount in controversy, which the Defendants seek.

post-Removal stipulations). See, also, Watson v. Cotton States Mutual Ins. Co., 2006 WL 2792168 (M.D. Ala. 2006); Hill v. MONY Life Insur. Co., 75 F. Supp. 2d 1328 (M.D. Ala. 1999); Hooks v. Associates Financial Services Co., Inc., 966 F.Supp. 1098 (M.D. Ala. 1997).

Moreover, the Defendants have not offered evidence that Plaintiff's counsel's affidavit is unsupported by the evidence, or that counsel is incorrect or is acting in bad faith, or that there is reason to disbelieve counsel's assertion made regarding damages claimed. Compare Bullock v. United Ben. Ins. Co., 165 F.Supp.2d 1255, 1259 (M.D.Ala.2001) (refusing to consider affidavits limiting damages below jurisdictional threshold where plaintiff had previously filed an unsuccessful motion to remand on fraudulent joinder grounds, such that her damage limitation was "a seemingly underhanded tactic"); Brooks, 153 F.Supp.2d at 1302 (decrying "plaintiffs who devilishly move to limit their damages and return to state court only after litigation has taken an unfavorable turn.").

Finally, Plaintiff's counsel is mindful of the warning contained in cases from the Middle District, and elsewhere, wherein the Court found that the removing defendants had failed to prove to a legal certainty that the amount in controversy based on counsel's representation that they would neither seek nor accept an amount in excess of the jurisdictional limit for diversity.  In these cases, the Courts routinely Order that if the Plaintiffs later amend their complaint to seek damages in excess of that jurisdictional threshold, the court would not hesitate to impose "swift" and "painful" sanctions upon application.   See, e.g., Moss v. Voyager Ins. Co., 43 F.Supp.2d 1298 (M.D.Ala. 1999). See also, Federated, 329 F.3d at 808 & n. 6 (observing that plaintiff's counsel are officers of the court and subject to Rule 11 sanctions for making representations for improper purposes, and that motions for sanctions may be initiated and decided even after the underlying case has been resolved and is no longer pending); Burns, 31 F.3d at 1095 (presuming that plaintiff's counsel recognizes that representations regarding amount in controversy "have important legal

consequences and, therefore, raise significant ethical implications for a court officer."). Counsel for the Plaintiff understands that he has unequivocally committed his client to a cap on recovery in both the Complaint and his Affidavit, and counsel will scrupulously honor the commitment in the state court proceedings.

 WHEREFORE, for the above reasons, the Plaintiff moves this Court to Strike the Defendants' Amended Notice of Removal, and to remand the case to the Circuit Court of Covington County, Alabama.

s/Thomas B. Albritton<br>
Attorney for Plaintiff

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

CERTIFICATE OF SERVICE

 I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by e-service on this, the 6th day of September, 2007:

G. Thomas Yearout
Paul K. Lavelle
YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, AL 35242

s/Thomas B. Albritton<br>
Of Counsel

```
------------------------------------------------------------------------------
| AVSO351                                                   CV 2007 900020.00 |
|                                                                             |
|                                            JUDGE: M. ASHLEY MCKATHAN        |
|-----------------------------------------------------------------------------|
|                      ALABAMA JUDICIAL DATA CENTER                           |
|                         CASE ACTION SUMMARY                                 |
|                           CIRCUIT CIVIL                                     |
|-----------------------------------------------------------------------------|
|  IN THE CIRCUIT   COURT OF COVINGTON       COUNTY                           |
|                                                                             |
|   TERRI WATSON V. NUVELL FINANCIAL SERVICES, LLC ET AL                      |
|  FILED:  05/31/2007 TYPE: NEGLIGENCE-GENERAL   TYPE TRIAL: JURY   TRACK:    |
|*****************************************************************************|
| DATE1:              CA:                   CA DATE:                          |
| DATE2:              AMT:          $.00    PAYMENT:                          |
| DATE3:                                                                      |
|*****************************************************************************|
| PLAINTIFF   001: WATSON TERRI                                               |
|                  25678 RODGERS LOOP           ATTORNEY: ALBRITTON THOMAS BYNUM |
|                                               ALB009    P O BOX 880         |
|                  ANDALUSIA, AL   36421-0000                                 |
|                  PHONE: (334)000-0000                   ANDALUSIA, AL  36420|
|  ENTERED:   05/31/2007 ISSUED:            TYPE:               (334)222-3177 |
|  SERVED:               ANSWERED:          JUDGEMENT:                        |
|-----------------------------------------------------------------------------|
| DEFENDANT   001: NUVELL FINANCIAL SERVICES, LLC                             |
|                  THE CORPORATION COMPANY     ATTORNEY:                      |
|                  2000 INTERSTATE PARK DR.                                   |
|                  MONTGOMERY, AL   36109-0000                                |
|                  PHONE: (334)000-0000                                       |
|  ENTERED:   05/31/2007 ISSUED:  06/07/2007 TYPE:     CERTIFIED              |
|  SERVED:    06/12/07   ANSWERED:           JUDGEMENT:                       |
|-----------------------------------------------------------------------------|
| DEFENDANT   002: NATIONAL AUTO FINANCE COMPANY                              |
|                  17500 CHENAL PARKWAY STE    ATTORNEY:                      |
|                                                                             |
|                  LITTLE ROCK, AR   72223-0000                               |
|                  PHONE: (334)000-0000                                       |
|  ENTERED:   05/31/2007 ISSUED:  05/31/2007 TYPE:     CERTIFIED              |
|  SERVED:    06/13/07   ANSWERED:           JUDGEMENT:                       |
|-----------------------------------------------------------------------------|
|                                                                             |
|   06/01/2007    COMPLAINT - SUMMONS                                         |
|                                                                             |
|   06/07/2007    CERTIFIED MAI ISSUED: 06/07/2007 TO D001    (AV02)          |
|                                                                             |
|-------|---------------------------------------------------------------------|
|       |                                                                     |
|-------|---------------------------------------------------------------------|
|       |                                                                     |
|-------|---------------------------------------------------------------------|
|       |                                                                     |
|-------|---------------------------------------------------------------------|
|       |                                                                     |
|-------|---------------------------------------------------------------------|
|       |                                                                     |
|-------|---------------------------------------------------------------------|
|       |                                                                     |
|-------|---------------------------------------------------------------------|
|       |                                                                     |
|-------|---------------------------------------------------------------------|
|       |                                                                     |
|-------|---------------------------------------------------------------------|
|       |                                                                     |
|-------|---------------------------------------------------------------------|
| S  06/07/2007                                             CV 2007 900020.00 |
------------------------------------------------------------------------------
```

EXHIBIT,  A .