IN THE UNITED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TERRI WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Action No. |
| v. ) | |
| ) | |
| ) | 2:07-CV-00639-WKW-TFM |
| NUVELL FINANCIAL ) | |
| SERVICES LLC ) | |
| and NUVELL NATIONAL AUTO ) | |
| FINANCE LLC d/b/a ) | |
| NATIONAL AUTO ) | |
| FINANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF
IN OPPOSITION TO
MOTION TO DISMISS**

COME NOW, defendants Nuvell Financial Services LLC and Nuvell National Auto Finance LLC d/b/a National Auto Finance Company (both Nuvell Financial Services LLC and Nuvell National Auto Finance LLC d/b/a National Auto Finance Company hereinafter collectively referred to as "defendants") and file this Reply to Terri Watson's (hereinafter "plaintiff") Brief in Opposition To Motion To Dismiss. In support of their motion to dismiss and in reply to the plaintiff's opposition brief defendants state the following:

1.  Defendants' motion is based upon Federal Rule of Civil Procedure 12(b)(6). A Court should grant a motion to dismiss "only if it is clear that no relief could be granted under any set

of facts that could be proved consistent with the allegations." Hishon v. King Spalding, 467 U.S. 69,73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). Here, no relief can be afforded to the plaintiff as the state law tort claims alleged are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

2.	A Rule 12(b)(6) motion should be granted if a complaint lacks an allegation regarding an element necessary to obtain relief. See, Pyles v. United Air Lines, Inc., 79 F.3d 1046, 1049 (11th Cir.1996); Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir.1984), adhered to en banc, 764 F.2d 1400 (11th Cir.1985), cert. denied, 476 U.S. 1124, 106 S.Ct. 1992, 90 L.Ed.2d 673 (1986). Plaintiff's complaint does not allege that defendants acted with malice or intent to injure and thus her state law tort claims are preempted. See: McCloud v. Homeside Lending, 309 F.Supp. 2d 1335 (N.D. Ala. 2004) (Plaintiff asserted state law claims for negligence, wantonness, defamation, and invasion of privacy. The Court considered preemption and found that under §§ 15 U.S.C. § 1681h(e) only state tort claims supported by allegations of malice or intent to injure could survive preemption.)

3.	Plaintiff states in her opposition brief, ". . .defendants have offered no evidence that establishes that FCRA even applies to the dispute between these parties." The claims advanced by the plaintiff are specifically preempted by the FCRA. The applicable provisions of the FCRA and state case law are definitive on this issue. 15 U.S.C. § 1681t(b)(1)(F) provides for complete preemption of state law tort claims as follows:

    (b) General exceptions

> No requirement or prohibition may be imposed under the laws of any State--
>
> **(1)** with respect to any subject matter regulated under--
>
> **(F)** section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply--
> **(i)** with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
> **(ii)** with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);

In addition 15 U.S.C. § 1681h(e) provides for the preemption of state tort law claims as follows:

> (e) Limitation of liability
>
> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report [FN2] except as to false information furnished with malice or willful intent to injure such consumer.

In a case similar to the case at hand, the plaintiff in McCloud v. Homeside Lending, 309 F.Supp. 2d 1335 (N.D. Ala. 2004), alleged that the holder of a promissory note and mortgage furnished incorrect credit information to credit reporting agencies. Plaintiff asserted state law claims for negligence, wantonness, defamation, and invasion of privacy. The Court in McCloud considered preemption and found that under §§ 15 U.S.C. § 1681h(e) only state tort claims supported by allegations of malice or intent to injure could survive preemption. McCloud, at 1344 (N.D. Ala. 2004). Accordingly, the Court held plaintiff's negligence claim was preempted by the FCRA as "negligence, by its very nature, can never be intentional." Id. at 1342. Likewise,

Plaintiff's claim for wantonness was preempted by the FCRA as a claim for wantonness "does not require proof of an intent to cause injury." Id. at 1343. In <u>McCloud</u>, at 1344, plaintiff's claims for defamation and invasion of privacy were not preempted by the FCRA because the plaintiff brought "sufficient allegations of defendant's willful intent to injure." See: <u>Moore v. Beneficial National Bank USA</u>, 876 F.Supp.1247 (M.D. Ala. 1995) (Court found that the Alabama Supreme Court has held that a report to a credit reporting agency is generally held to be a qualified privileged and ruled that a defamation action brought as a result of statements made by defendants under a qualified privilege could not succeed unless it can be proved that defendant acted with malice.)

4.   Plaintiff argues in her opposition brief that the FCRA does not apply because she has not identified the defendants as furnishers of credit. In the instant case, plaintiff's claims of negligence, wantonness and defamation are based on defendants' role as furnishers of allegedly inaccurate credit information regarding plaintiff. Plaintiff's specifically asserts in Counts II and III "The Plaintiffs [sic] breached this duty they owed to the Plaintiff in that they continue to pursue the collection of this debt after they agreed to dismiss it, and they either failed to remove all negative credit references regarding this matter from her credit report, or *they renotified the three major consumer reporting agencies of the invalid debt…*" (emphasis added). The Court in <u>*Jaramillo v. Experian Information Solutions, Inc.,*</u> <u>155 F.Supp.2d 356 (E.D.Pa.2001)</u> stated, "The plain language of <u>section 1681t(b)(1)(F)</u> clearly eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting. To allow causes of action under state statutes that do not specifically refer to credit

reporting, but to bar those that do, would defy the Congressional rationale for the elimination of state causes of action."

In Riley v. General Motors Acceptance Corp., 226 F. Supp 1316 (S.D. Ala. 2002) plaintiff asserted that the defendant violated the FCRA and also asserted various related state law claims such as negligence, defamation, invasion of privacy and outrage. In Riley, the court held that:

> Thus, there is no question that the statutory prohibition precludes suits under state consumer protection laws. However, the plaintiff's complaint in the case at bar alleges FCRA and Alabama tort claims. The issue to be resolved is whether the conduct which gives rise to the plaintiff's FCRA claims (where any similar state consumer protection law claims are preempted) may also form the basis for state law claims such as negligence, defamation, invasion of privacy, and outrage. After careful consideration of all relevant precedent, the court concludes that the answer is no; the plaintiff's state claims are entirely preempted by 15 U.S.C. § 1681t(b)(1)(F).[FN5] In reaching this conclusion, the court notes the Eastern District of Pennsylvania opinion in *Jaramillo v. Experian Information Solutions, Inc.,* 155 F.Supp.2d 356 (E.D.Pa.2001). The *Jaramillo* Court reached a conclusion similar to *Carney,* holding that the plaintiff's claims under the Pennsylvania Consumer Protection Law were preempted. " It is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.' Any other interpretation would fly in the face of the plain meaning of the statute." *Id.,* at 361-62.

In the instant case, plaintiff's claims of negligence, wantonness and defamation are based on defendants' role as furnisher of allegedly inaccurate credit information regarding plaintiff. Here, as in Riley, the plaintiff's state law claims are preempted by 15 U.S.C. § 1681t(b)(1)(F).

WHEREFORE, PREMISES CONSIDERED, relief cannot be granted under any set of facts that could be proved consistent with plaintiff's allegations. Whether this Court applies the

limitations of 15 U.S.C. § 1681t(b)(1)(f) or 15 U.S.C. § 1681h(e) to plaintiff's claims for negligence, wantonness and defamation, these claims are due to be dismissed as a result of preemption by the FCRA. As a result Counts II, III and IV of plaintiff's complaint must be dismissed in their entirety.

**ORAL ARGUMENT REQUESTED**

_____
G. Thomas Yearout                (YEA001)

_____
Paul K. Lavelle                  (LAV007)

OF COUNSEL FOR DEFENDANTS
NUVELL FINANCIAL SERVICES LLC
AND NUVELL NATIONAL AUTO FINANCE LLC d/b/a
NATIONAL AUTO FINANCE COMPANY

YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
(205) 298-1800
(205) 298-1801 (fax)
*Tyearout@ysllaw.com*
*Plavelle@ysllaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing memorandum as been served upon the following by using the CM/ECF system which will send notification of such filing to the below-named on this the ⟶6⟵ day of September, 2007.

Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody and Bowden, P.C.
P.O. Box 880
Andalusia, AL  36420

_____
OF COUNSEL