IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRI WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:07-cv-639-WKW |
| ) | (WO) |
| NUVELL FINANCIAL SERVICES, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on defendants' Motion to Dismiss (Doc. # 7), plaintiff's Motion to Remand (Doc. # 10), plaintiff's Motion to Strike Amended Notice of Removal (Doc. # 15), and plaintiff's Renewed Motion to Remand (Doc. # 17). For the reasons set forth below, the plaintiff's Motion to Remand, Renewed Motion to Remand, and Motion to Strike are due to be GRANTED. Because the court does not have subject matter jurisdiction, it does not rule on defendants' Motion to Dismiss.

**I. FACTS AND PROCEDURAL HISTORY**

In this case plaintiff Terri Watson ("Watson") has sued the defendants, Nuvell Financial Services, LLC ("Nuvell"), and National Auto Finance Company ("National Auto"), claiming that she is a victim of identity theft from whom the defendants are improperly trying to collect a debt. She alleges her ex-husband stole her identity and that Nuvell and National Auto sued her in a previous case to collect on loans that she never took out. (Compl. ¶ 4.) The parties settled that litigation with Nuvell and National Auto, agreeing to dismiss the

action, not to pursue further action against Watson, and to remove all negative references to the debt on Watson's credit report. (*Id.* ¶ 5.) In February 2007, Watson learned the debt was still being reported on her credit report. (*Id.* ¶ 6.) When Watson contacted Nuvell and National Auto, she was told they did not believe her claims of identity theft were valid and that they would resume collection activity and continue reporting the account to consumer reporting agencies. (*Id.* ¶ 7.)

On May 31, 2007, Watson filed a complaint in the Circuit Court of Covington County, Alabama, alleging breach of contract, negligence, wantonness, and defamation. The plaintiff included an *ad damnum* clause in her complaint claiming damages for each count "not to exceed $75,000.00." (*Id.* 5-7.) For two of the counts Watson requests punitive damages and specifies that she seeks "compensatory damages . . . [and] punitive damages, in an amount not to exceed $75,000.00." (*Id.* 6-7.) Nuvell and National Auto timely removed the case to federal court on July 12, 2007, asserting that removal was proper based on diversity of citizenship. On August 2, 2007, Nuvell and National Auto filed a motion to dismiss. (Doc. # 7.) On August 13, 2007, Watson filed a motion to remand (Doc. # 10). On August 30, 2007, Nuvell and National Auto filed an amended notice of removal, which added federal question as a basis for jurisdiction. (Doc. # 13.) Watson filed a motion to strike the amended notice of removal on September 6, 2007. (Doc. # 16.) The motions before the court are fully briefed and ripe for resolution.

## II. DISCUSSION

*A.     Motion to Strike*

Watson has filed a motion to strike the defendants' amended notice of removal (Doc. # 16), contending that it was filed too late. A notice of removal must be filed within thirty days of the defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). During the thirty-day period, a defendant may freely amend the notice of removal. *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1322 (M.D. Ala. 2006). After the thirty-day period, only amendments that address "defective allegations of jurisdiction" are allowed. 28 U.S.C. § 1653. The defendant may only "set forth more specifically grounds for removal which were imperfectly stated in the original petition." *Am. Educators Fin. Corp. v. Bennett*, 928 F. Supp. 1113, 1115 (M.D. Ala. 1996). After the thirty day period, a party may not amend the notice of removal to include grounds which were "missing" from the original notice. *Id.*; *see also* 14C Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3733 (3d ed. 1998 & Supp. 2007). The issue is whether the amendment addresses an allegation which was stated "imperfect[ly]" in the original notice of removal or which was "missing" from it altogether. *Am. Educators*, 928 F. Supp. at 1115.

Here, the defendants' amended notice of removal asserts federal question jurisdiction, a basis of jurisdiction missing from the original notice of removal. Because the amended notice of removal was filed more than thirty days after the defendants were served, it is

proper for the court to strike the amended notice of removal and only consider whether diversity jurisdiction exists. Accordingly, the motion to strike is due to be granted.

## B.  *Motion to Remand and Renewed Motion to Remand*

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. To determine the amount in controversy, a court first looks to the amount alleged in the complaint. *Burns*, 31 F.3d at 1095. When the amount in the *ad damnum* clause is less than the jurisdictional amount, a "defendant must prove to a legal certainty" that if the plaintiff prevails on liability the award would be more than the jurisdictional amount, *i.e.*, $75,000.[1]

---

[1] The defendants argue that the plaintiff bears the burden of proving to a legal certainty that removal was improper. However, it is a traditional rule that "the defendants, having removed the case to the district court, would bear the burden of establishing the court's jurisdiction." *Lowrey v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). The defendants cite *Raye v. Employer's Ins. of Wausau*, 345 F. Supp. 2d 1313 (S.D. Ala. 2004), for the proposition that when "the complaint expressly demands recovery in excess of $75,000, the burden is on the plaintiff seeking remand to show 'to a "legal certainty" that his claim is actually for less than the jurisdictional amount.'" *Id.* at 1315 (quoting *Burns*, 31 F.3d at 1094). Besides *Raye's* analysis of *Burns* being mere *dicta*, it is based on a misreading of *Burns*. The quoted section of *Burns* actually describes the *defendant's* burden when seeking dismissal of a complaint for lack of subject matter

*Burns*, 31 F.3d at 1095. The law imposes a heavy burden on a defendant who asks the court to find the plaintiff has understated the value of his claim in his complaint. *Id*. Because the plaintiff's attorney has a duty of candor to the tribunal, his signed pleading containing the damages claim deserves "deference and a presumption of the truth." *Id*.

Watson included an *ad damnum* clause in her complaint, stating that she was seeking an amount not to exceed $75,000. To avoid remand, such wording requires the defendants to establish *to a legal certainty* that Watson will collect more than $75,000. The defendants first assert that the amount in controversy exceeds $75,000 because the damages that Watson seeks should be aggregated. Watson claims that the damages she demanded in each count of her complaint should not be aggregated because the claims are alternate theories of recovery for the same harm and because her attorney submitted an affidavit stipulating that the plaintiff did not seek and would not accept more than $75,000. The court need not analyze whether Watson's claims seek alternate theories of recovery for the same harm because the affidavit from her attorney is sufficient to establish that the amount-in-controversy requirement is not met.

Courts presume representations from the plaintiff regarding the amount in controversy are true and "give great deference to such representations." *Federated Mut. Ins. Co. v.*

---

jurisdiction: "[i]n the typical diversity case, plaintiff files suit in federal court against a diverse party for damages exceeding $50,000. Such a case will not be dismissed unless is appears to a 'legal certainty' that plaintiff's claim is actually for less than the jurisdictional amount." *Burns*, 31 F.3d at 1094 (quoting *St. Paul's Indem. Corp. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). The court declines to follow the reasoning of *Raye* and continues to follow the traditional rule that the defendant bears the burden of proving removal was proper.

*McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003). In *Federated Mutual*, the plaintiff's attorney represented in his motion to remand that he would not accept damages in excess of $74,000, and the court found this sufficient to show that the plaintiff was not claiming more than the amount in controversy. *Id.* at 808-09; *see also Hill v. MONY Life Ins. Co.*, 75 F. Supp. 2d 1328, 1330 (M.D. Ala. 1999) (finding amount in controversy was not met when plaintiffs averred that they were limiting their claims to $74,999).

Watson's attorney has submitted an affidavit that limits the damages Watson can collect in the aggregate to no more than $75,000, exclusive of interest and costs:

> 2. On the date that I filed the above-styled Complaint, I did not intend to seek damages in an aggregate amount that exceeds $75,000.00, exclusive of interest and costs.
>
> 3. I irrevocably agree that the amount of damages claimed by me in this action does not exceed $75,000.00, exclusive of interest and costs and the Plaintiff's damages do not exceed $75,000.00, exclusive of interest and costs.
>
> 5. [sic] I will not under any circumstances accept a judgment in this case in excess of $75,000.00, exclusive of interest and costs.

(Albritton Aff. ¶¶ 2-5.) Because Watson's attorney is an officer of the court and subject to sanctions if he misrepresents information to the court, the court gives deference to the attorney's representations and determines that Watson's claims are not to be aggregated, and the amount in controversy is not greater than $75,000.

The defendants also argue that the amount-in-controversy requirement is met because Watson seeks punitive damages. However, that there is a demand for punitive damages does not establish to a legal certainty that the amount-in-controversy requirement is met; to

6

conclude otherwise "begs the question of what those punitive damages are likely to be - a question that [the defendant] bears the burden of answering." *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007). Moreover, a plain and obvious reading of Watson's *ad damnum* clause confirms that her demand of $75,000 includes punitive damages: "the Plaintiff demands judgment against the Defendants for compensatory damages, including but not to be limited to damages for mental anguish, and for punitive damages, in an amount not to exceed $75,000.00."[2] (Compl. 6-7).

Because the defendants have failed to prove to a legal certainty that the amount in controversy exceeds $75,000, the court finds that remand is appropriate.

### C.   *Defendants' Motion to Dismiss*

Nuvell and National Auto have also filed a motion to dismiss. This case is due to be remanded because this court does not have subject matter jurisdiction and, consequently, cannot rule on this motion. The motion to dismiss remains for the state court to resolve.

### III.   CONCLUSION

Accordingly, it is ORDERED that:

1.   The plaintiff's Motion to Strike (Doc. # 15) is GRANTED; therefore the defendants' Amended Notice of Removal (Doc. # 13) is STRICKEN;

---

[2] Watson demands punitive damages in counts three and four of her complaint. In counts one and two she seeks only compensatory damages. (Compl. ¶¶ 8-19.) Because Watson's attorney has clearly stated that Watson will not accept an award of greater than $75,000 for her claims, the court finds (1) that Watson has limited her demand to $75,000.00 and (2) that it need not analyze what impact, if any, results from the variations in the *ad damnum* clauses.

2. The plaintiff's Motion to Remand (Doc. # 10) and Renewed Motion to Remand (Doc. # 15) are GRANTED; therefore, this case is REMANDED to the Circuit Court of Covington County; and

3. The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this 9th day of January, 2008.

                                       /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

  (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

  (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

  (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

  (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

  (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).