IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRI WATSON, )<br>)<br>    Plaintiff, )<br>  v. )<br>)<br>NUVELL FINANCIAL SERVICES, LLC, )<br>*et al.*, )<br>)<br>    Defendants. ) | CASE NO. 2:07-cv-639-WKW<br>(WO) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on defendants' Motion to Dismiss (Doc. # 7), plaintiff's Motion to Remand (Doc. # 10), plaintiff's Motion to Strike Amended Notice of Removal (Doc. # 15), and plaintiff's Renewed Motion to Remand (Doc. # 17). For the reasons set forth below, the plaintiff's Motion to Remand, Renewed Motion to Remand, and Motion to Strike are due to be GRANTED. Because the court does not have subject matter jurisdiction, it does not rule on defendants' Motion to Dismiss.

**I. FACTS AND PROCEDURAL HISTORY**

In this case plaintiff Terri Watson ("Watson") has sued the defendants, Nuvell Financial Services, LLC ("Nuvell"), and National Auto Finance Company ("National Auto"), claiming that she is a victim of identity theft from whom the defendants are improperly trying to collect a debt. She alleges her ex-husband stole her identity and that Nuvell and National Auto sued her in a previous case to collect on loans that she never took out. (Compl. ¶ 4.) The parties settled that litigation with Nuvell and National Auto, agreeing to dismiss the

action, not to pursue further action against Watson, and to remove all negative references to the debt on Watson's credit report. (*Id.* ¶ 5.) In February 2007, Watson learned the debt was still being reported on her credit report. (*Id.* ¶ 6.) When Watson contacted Nuvell and National Auto, she was told they did not believe her claims of identity theft were valid and that they would resume collection activity and continue reporting the account to consumer reporting agencies. (*Id.* ¶ 7.)

On May 31, 2007, Watson filed a complaint in the Circuit Court of Covington County, Alabama, alleging breach of contract, negligence, wantonness, and defamation. The plaintiff included an *ad damnum* clause in her complaint claiming damages for each count "not to exceed $75,000.00." (*Id.* 5-7.) For two of the counts Watson requests punitive damages and specifies that she seeks "compensatory damages . . . [and] punitive damages, in an amount not to exceed $75,000.00." (*Id.* 6-7.) Nuvell and National Auto timely removed the case to federal court on July 12, 2007, asserting that removal was proper based on diversity of citizenship. On August 2, 2007, Nuvell and National Auto filed a motion to dismiss. (Doc. # 7.) On August 13, 2007, Watson filed a motion to remand (Doc. # 10). On August 30, 2007, Nuvell and National Auto filed an amended notice of removal, which added federal question as a basis for jurisdiction. (Doc. # 13.) Watson filed a motion to strike the amended notice of removal on September 6, 2007. (Doc. # 16.) The motions before the court are fully briefed and ripe for resolution.

## II. DISCUSSION

*A.    Motion to Strike*

Watson has filed a motion to strike the defendants' amended notice of removal (Doc. # 16), contending that it was filed too late. A notice of removal must be filed within thirty days of the defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). During the thirty-day period, a defendant may freely amend the notice of removal. *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1322 (M.D. Ala. 2006). After the thirty-day period, only amendments that address "defective allegations of jurisdiction" are allowed. 28 U.S.C. § 1653. The defendant may only "set forth more specifically grounds for removal which were imperfectly stated in the original petition." *Am. Educators Fin. Corp. v. Bennett*, 928 F. Supp. 1113, 1115 (M.D. Ala. 1996). After the thirty day period, a party may not amend the notice of removal to include grounds which were "missing" from the original notice. *Id.*; *see also* 14C Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3733 (3d ed. 1998 & Supp. 2007). The issue is whether the amendment addresses an allegation which was stated "imperfect[ly]" in the original notice of removal or which was "missing" from it altogether. *Am. Educators*, 928 F. Supp. at 1115.

Here, the defendants' amended notice of removal asserts federal question jurisdiction, a basis of jurisdiction missing from the original notice of removal. Because the amended notice of removal was filed more than thirty days after the defendants were served, it is

3

proper for the court to strike the amended notice of removal and only consider whether diversity jurisdiction exists. Accordingly, the motion to strike is due to be granted.

### B.     *Motion to Remand and Renewed Motion to Remand*

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. To determine the amount in controversy, a court first looks to the amount alleged in the complaint. *Burns*, 31 F.3d at 1095. When the amount in the *ad damnum* clause is less than the jurisdictional amount, a "defendant must prove to a legal certainty" that if the plaintiff prevails on liability the award would be more than the jurisdictional amount, *i.e.*, $75,000.[1]

---

[1] The defendants argue that the plaintiff bears the burden of proving to a legal certainty that removal was improper. However, it is a traditional rule that "the defendants, having removed the case to the district court, would bear the burden of establishing the court's jurisdiction." *Lowrey v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). The defendants cite *Raye v. Employer's Ins. of Wausau*, 345 F. Supp. 2d 1313 (S.D. Ala. 2004), for the proposition that when "the complaint expressly demands recovery in excess of $75,000, the burden is on the plaintiff seeking remand to show 'to a "legal certainty" that his claim is actually for less than the jurisdictional amount.'" *Id.* at 1315 (quoting *Burns*, 31 F.3d at 1094). Besides *Raye's* analysis of *Burns* being mere *dicta*, it is based on a misreading of *Burns*. The quoted section of *Burns* actually describes the *defendant's* burden when seeking dismissal of a complaint for lack of subject matter

*Burns*, 31 F.3d at 1095.  The law imposes a heavy burden on a defendant who asks the court to find the plaintiff has understated the value of his claim in his complaint.  *Id*.  Because the plaintiff's attorney has a duty of candor to the tribunal, his signed pleading containing the damages claim deserves "deference and a presumption of the truth."  *Id*.

Watson included an *ad damnum* clause in her complaint, stating that she was seeking an amount not to exceed $75,000.  To avoid remand, such wording requires the defendants to establish *to a legal certainty* that Watson will collect more than $75,000.  The defendants first assert that the amount in controversy exceeds $75,000 because the damages that Watson seeks should be aggregated.  Watson claims that the damages she demanded in each count of her complaint should not be aggregated because the claims are alternate theories of recovery for the same harm and because her attorney submitted an affidavit stipulating that the plaintiff did not seek and would not accept more than $75,000.  The court need not analyze whether Watson's claims seek alternate theories of recovery for the same harm because the affidavit from her attorney is sufficient to establish that the amount-in-controversy requirement is not met.

Courts presume representations from the plaintiff regarding the amount in controversy are true and "give great deference to such representations."  *Federated Mut. Ins. Co. v.*

---

jurisdiction: "[i]n the typical diversity case, plaintiff files suit in federal court against a diverse party for damages exceeding $50,000.  Such a case will not be dismissed unless is appears to a 'legal certainty' that plaintiff's claim is actually for less than the jurisdictional amount."  *Burns*, 31 F.3d at 1094 (quoting *St. Paul's Indem. Corp. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).  The court declines to follow the reasoning of *Raye* and continues to follow the traditional rule that the defendant bears the burden of proving removal was proper.

*McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003).  In *Federated Mutual*, the plaintiff's attorney represented in his motion to remand that he would not accept damages in excess of $74,000, and the court found this sufficient to show that the plaintiff was not claiming more than the amount in controversy. *Id.* at 808-09; *see also Hill v. MONY Life Ins. Co.*, 75 F. Supp. 2d 1328, 1330 (M.D. Ala. 1999) (finding amount in controversy was not met when plaintiffs averred that they were limiting their claims to $74,999).

Watson's attorney has submitted an affidavit that limits the damages Watson can collect in the aggregate to no more than $75,000, exclusive of interest and costs:

> 2. On the date that I filed the above-styled Complaint, I did not intend to seek damages in an aggregate amount that exceeds $75,000.00, exclusive of interest and costs.
>
> 3. I irrevocably agree that the amount of damages claimed by me in this action does not exceed $75,000.00, exclusive of interest and costs and the Plaintiff's damages do not exceed $75,000.00, exclusive of interest and costs.
>
> 5. [sic] I will not under any circumstances accept a judgment in this case in excess of $75,000.00, exclusive of interest and costs.

(Albritton Aff. ¶¶ 2-5.)  Because Watson's attorney is an officer of the court and subject to sanctions if he misrepresents information to the court, the court gives deference to the attorney's representations and determines that Watson's claims are not to be aggregated, and the amount in controversy is not greater than $75,000.

The defendants also argue that the amount-in-controversy requirement is met because Watson seeks punitive damages.  However, that there is a demand for punitive damages does not establish to a legal certainty that the amount-in-controversy requirement is met; to

conclude otherwise "begs the question of what those punitive damages are likely to be - a question that [the defendant] bears the burden of answering." *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007). Moreover, a plain and obvious reading of Watson's *ad damnum* clause confirms that her demand of $75,000 includes punitive damages: "the Plaintiff demands judgment against the Defendants for compensatory damages, including but not to be limited to damages for mental anguish, and for punitive damages, in an amount not to exceed $75,000.00."[2] (Compl. 6-7).

Because the defendants have failed to prove to a legal certainty that the amount in controversy exceeds $75,000, the court finds that remand is appropriate.

## C.   *Defendants' Motion to Dismiss*

Nuvell and National Auto have also filed a motion to dismiss. This case is due to be remanded because this court does not have subject matter jurisdiction and, consequently, cannot rule on this motion. The motion to dismiss remains for the state court to resolve.

### III.   CONCLUSION

Accordingly, it is ORDERED that:

1. The plaintiff's Motion to Strike (Doc. # 15) is GRANTED; therefore the defendants' Amended Notice of Removal (Doc. # 13) is STRICKEN;

---

[2] Watson demands punitive damages in counts three and four of her complaint. In counts one and two she seeks only compensatory damages. (Compl. ¶¶ 8-19.) Because Watson's attorney has clearly stated that Watson will not accept an award of greater than $75,000 for her claims, the court finds (1) that Watson has limited her demand to $75,000.00 and (2) that it need not analyze what impact, if any, results from the variations in the *ad damnum* clauses.

2. The plaintiff's Motion to Remand (Doc. # 10) and Renewed Motion to Remand (Doc. # 15) are GRANTED; therefore, this case is REMANDED to the Circuit Court of Covington County; and

3. The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this 9th day of January, 2008.

                                    /s/   W.  Keith Watkins
                                 UNITED STATES DISTRICT JUDGE